**UNITED STATES of America,
Plaintiff–Appellee**

v.

**George WHITEHEAD, Jr.,
Defendant–Appellant.**

**No. 12–10022
Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 14, 2012.

George Whitehead, Jr., Tucson, AZ, pro se.

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM: *

George Whitehead, Jr., federal prisoner # 35653–177, is serving a term of life imprisonment for his conviction of possession of more than 50 grams of a mixture and substance containing a detectable amount of cocaine base with intent to distribute. Concurrently, he is serving a 120–month sentence for his conviction of being a felon in possession of a firearm. Whitehead appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a reduction of his life sentence based on the retroactive amendments to U.S.S.G. § 2D1.1, the guideline for crack cocaine offenses.

Section 3582(c)(2) permits the discretionary modification of a defendant's sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*)." § 3582(c)(2); *see United States v. Doublin,* 572 F.3d 235, 237 (5th Cir.2009). The district court's decision whether to reduce a sentence under § 3582(c)(2) is reviewed for an abuse of discretion, while the court's interpretation of the Guidelines is reviewed de novo. *United States v. Evans,* 587 F.3d 667, 672 (5th Cir.2009).

Much of Whitehead's brief amounts to an attack on his original sentence. He asserts that he was entrapped into a higher sentence, and he contends that the procedures required under 21 U.S.C. § 851 to increase his punishment by reason of his prior convictions were not followed.

"A modification proceeding is not the forum for a collateral attack on a sentence long since imposed and affirmed on direct appeal." *United States v. Hernandez,* 645 F.3d 709, 712 (5th Cir.2011). A § 3582(c)(2) motion "is not a second opportunity to present mitigating factors to the sentencing judge, nor is it a challenge to the appropriateness of the original sentence." *United States v. Whitebird,* 55 F.3d 1007, 1011 (5th Cir.1995). Accordingly, to the extent that Whitehead challenges his original sentence, he cannot obtain relief under § 3582(c)(2).

As the district court determined, on account of his prior felony drug convictions, Whitehead was subject to a mandatory sentence of life imprisonment under 21 U.S.C. § 841(b)(1)(A). A mandatory minimum statutory penalty overrides the retroactive application of a new guideline. *See United States v. Pardue,* 36 F.3d 429, 431 (5th Cir.1994). Because Whitehead's sentence of life imprisonment was statutorily mandated, he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." § 3582(c)(2); *see Pardue,* 36 F.3d at 431.

AFFIRMED.